**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                                    Case No. 08-14801
                                                          Hon. Gerald E. Rosen

COLLINS & AIKMAN CORPORATION,
*et al.,*                                                 Bankruptcy Case No. 05-55927

     Debtors.                                      Chapter 11
_____/                         Hon. Steven Rhodes

MARTIN STAMM,

     Claimant,

v.

COLLINS & AIKMAN LITIGATION TRUST,

     Objector.
_____/

**ORDER SETTING VENUE FOR**
**CLAIMANT'S PENDING PERSONAL INJURY TORT CLAIM**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____December 7, 2009_____

PRESENT:   Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

     In April of 2004, Claimant Martin Stamm brought suit in the United States District

Court for the Central District of Illinois against his employer, a predecessor-in-interest to

Debtor Collins & Aikman Corporation, alleging that he had been denied a promotion in

violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  In

May of 2005, however, Debtor filed a petition for relief under Chapter 11 of the

Bankruptcy Code, and Claimant subsequently was enjoined from pursuing his ADA claim

against Debtor pursuant to the terms of a plan of reorganization confirmed by the

Bankruptcy Court.[1]  By order dated October 24, 2008 and a recommendation entered on

November 12, 2008, the Bankruptcy Court has referred the matter to this Court for a

determination whether Claimant should proceed with his pending ADA suit against

Debtor in Illinois, or whether his claim should be tried in this Court.  For the reasons set

forth briefly below, the Court finds that this claim can be more effectively and efficiently

litigated before the Illinois district court.

          The venue determination before this Court is governed by 28 U.S.C. § 157(b)(5),

which provides:

          The district court shall order that personal injury tort and wrongful
          death claims shall be tried in the district court in which the bankruptcy case
          is pending, or in the district court in the district in which the claim arose, as
          determined by the district court in which the bankruptcy case is pending.

Local Rule 83.50(e)(1)(D) of this District operates in tandem with this statute, providing

---

[1]In January of 2006, Claimant filed a general unsecured claim with the Bankruptcy Court, asserting damages in the amount of $500,000 arising from Debtor's alleged violation of his rights under the ADA.  Claimant also filed a motion with the Bankruptcy Court seeking a transfer of venue regarding this claim to the United States District Court for the Central District of Illinois, the district in which his claim arose.  The Bankruptcy Court held a hearing on this motion on May 22, 2008, only to learn at this hearing that the Collins & Aikman Litigation Trust, as successor to Debtor Collins & Aikman Corporation and its debtor subsidiaries, had yet to file an objection to Claimant's claim.  Following this hearing, the Litigation Trust filed an objection to this claim, the objection was overruled, and the Litigation Trust filed a second objection to this claim, upon which the Bankruptcy Court has yet to rule.  (For convenience, the Court will refer to both Collins & Aikman and the Litigation Trust as the "Debtor" throughout the remainder of this order.)

that "[t]he bankruptcy clerk will submit the necessary papers to the district clerk when . . . a bankruptcy judge determines that a case or proceeding is one in which a personal injury tort or wrongful death claim is to be tried in a district court under 28 U.S.C. § 157(b)(5)." The parties are agreed that Claimant's ADA claim is a "personal injury tort" claim within the meaning of the statute and local rule. Consequently, the Court is called upon only to decide whether this personal injury tort claim should be tried here or "in the district court in the district in which the claim arose" — *i.e.,* the District Court for the Central District of Illinois, where Claimant's ADA suit remains pending.

As one court has aptly observed, § 157(b)(5) "does not favor one forum or set forth guidelines for the court to follow in making the forum determination." *In re UNR Industries, Inc.,* 74 B.R. 146, 149 (N.D. Ill. 1987). Likewise, the parties have provided little or no assistance in identifying the appropriate factors for the Court to consider in selecting a venue.[2] Nonetheless, in choosing a forum under § 157(b)(5), the courts have

---

[2]In their submissions to the Bankruptcy Court, the parties cited an altogether different change-of-venue statute, 28 U.S.C. § 1412, as bearing upon the choice of an appropriate venue here. This Court, however, concurs in the Fourth Circuit's observation that § 1412 "provides no authority whatsoever to a district court sitting in bankruptcy in one district and having jurisdiction of the bankruptcy to transfer the venue of a case against the bankrupt to another district." *A.H. Robins Co. v. Piccinin (In re A.H. Robins Co.),* 788 F.2d 994, 1011 (4th Cir. 1986); *see also Calumet National Bank v. Levine,* 179 B.R. 117, 121 (N.D. Ind. 1995) (finding that § 157(b)(5) overrides the more general change-of-venue statute, § 1412, in cases where a court is determining the proper venue for a personal injury tort suit against a debtor). Moreover, it is debatable whether Claimant's filing of a claim has given rise to a "case or proceeding" that might be subject to transfer under § 1412. *See Maritime Asbestosis Legal Clinic v. United States Lines, Inc. (In re United States Lines, Inc.),* 216 F.3d 228, 236 (2d Cir. 2000). Thus, § 1412 is inapplicable here, except perhaps to the extent that the case law under that statute suggests factors that might be helpful to the Court's inquiry under § 157(b)(5).

found it appropriate to balance the interests of the claimant against the need to avoid

undue interference with the efficient administration of the bankruptcy estate. *See, e.g.,*

*Stokes v. Southeast Hotel Properties, Ltd.,* 877 F. Supp. 986, 1001 (W.D.N.C. 1994); *INR*

*Industries,* 74 B.R. at 149. Similarly, in the analogous context of deciding whether to

abstain in favor of a pending state court personal injury suit against a bankruptcy debtor,

or to instead invoke § 157(b)(5) to exercise jurisdiction over this personal injury claim,

the courts have considered such factors as (i) whether the district court's exercise of

jurisdiction will result in piecemeal litigation, with the pending state court suit going

forward as to other non-debtor parties who cannot be brought before the district court; (ii)

the effect of abstention on the efficient administration of the bankruptcy estate; (iii) the

degree of relatedness of the personal injury suit to the bankruptcy case; and (iv)

considerations of judicial economy. *See, e.g., Citibank, N.A. v. White Motor Corp. (In re*

*White Motor Credit),* 761 F.2d 270, 273-74 (6th Cir. 1985); *Mann v. Waste Management*

*of Ohio, Inc.,* 253 B.R. 211, 214 (N.D. Ohio 2000).[3]

　　　Upon weighing these various considerations in this case, the Court concludes that

Claimant's ADA claim should be tried in the district in which it arose, through the vehicle

of Claimant's pending suit before the Illinois district court. First and foremost, it is

evident that Claimant's interests would best be served by allowing him to pursue his

---

[3]The abstention inquiry also involves considerations of comity and the predominance of issues of state law, *see White Motor Credit,* 761 F.2d at 273-74, but these factors have far less significance in selecting an appropriate forum under § 157(b)(5). This is particularly true here, where Claimant's ADA claim is governed by federal law.

ADA claim in the Illinois district court, where this claim accrued at Claimant's place of employment in the Central District of Illinois, he and most or all of his witnesses are located in that district, he is represented by Illinois counsel, and it does not appear that any of the fact witnesses are Michigan residents.  Accordingly, if the claim were tried in this Court, Claimant would be unable to compel the attendance of unwilling witnesses, and he would incur considerable expense and other burdens in securing the attendance of willing witnesses.  Likewise, Claimant's own participation would be more costly and burdensome if his claim were to be litigated before this Court, where he would have to retain local counsel and travel to Michigan for trial and perhaps some pretrial proceedings.

Judicial economy also would be better served by litigating Claimant's claim before the Illinois district court.  Claimant's suit was pending in that court for over a year before Debtor filed its Chapter 11 petition, and the parties presumably engaged in considerable discovery during that period.  More recently, the parties evidently conducted at least some additional discovery in late 2007, before the Illinois district court was advised that the case could not proceed any farther in light of Debtor's bankruptcy proceeding.  Thus, it appears likely that Claimant's claim could be more promptly and efficiently tried in the Illinois district court as opposed to this one, where any such litigation before this Court would have to start at square one, some discovery would likely have to be retaken, and this Court would have to familiarize itself with details of the case of which the Illinois district court already is aware.

2:08-cv-14801-GER-SDP   Doc # 4   Filed 12/07/09   Pg 6 of 7   Pg ID 14

Finally, considerations of efficient administration of the bankruptcy estate do not offset these factors in favor of the Central District of Illinois. This is not a case where Claimant's ADA claim is but one of many similar personal injury tort claims asserted against Debtor, such that economies of scale could be achieved through the consolidation of all such claims before this Court. *Compare A.H. Robins,* 788 F.2d at 1011 (noting that the "thousands" of pending personal injury tort claims in that case supported "a centralization of all" such claims "in the district court having jurisdiction of the bankruptcy"). This Court "is not setting thousands of personal injury cases for trial," *INR Industries,* 74 B.R. at 149, but is merely selecting a venue for a single, standalone claim. Thus, while it would undoubtedly be less burdensome and expensive for Debtor to litigate this claim in this Court rather than the Illinois district court, it cannot be said that this difference is substantial, particularly where Debtor and its counsel would be obligated to travel to Illinois in any event to take discovery from any witnesses residing in that State. Moreover, to the extent that Debtor argues that the implementation of its plan of reorganization might be delayed by having to litigate Claimant's claim in the Illinois district court, this Court has already noted the likelihood that this claim might well be more promptly resolved in Illinois than here, given the head start the Illinois court has achieved in presiding over Claimant's case since 2004. Claimant is entitled to pursue his claim before *some* court, after all, and Debtor has not explained why the selection of the Illinois district court for this litigation is likely to result in significantly greater expense or delay in the administration of the bankruptcy estate.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to 28 U.S.C. § 157(b)(5), that the personal injury tort claim of Claimant Martin Stamm be tried in the United States District Court for the Central District of Illinois, in conjunction with the suit brought by Claimant in that court in April of 2004.

> s/Gerald E. Rosen
> Chief Judge, United States District Court

Dated:  December 7, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2009, by electronic and/or ordinary mail.

> s/Ruth Brissaud
> Case Manager

7